**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10103 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00070-RCJ-WGC-2 |
| v. | |
| RODRIGO RODRIGUEZ-BECERRA, AKA Buki, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10146 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00070-RCJ-WGC-1 |
| v. | |
| HUGO MORENO-SANABRIA, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted February 15, 2013
San Francisco, California

Before: SCHROEDER and MURGUIA, Circuit Judges, and MCNAMEE, Senior District Judge.[**]

After a joint trial, a jury found Rodrigo Rodriguez-Becerra and Hugo Moreno-Sanabria guilty of conspiring to sell fifty grams or more of methamphetamine in violation of 21 U.S.C. § 846; Rodriguez-Becerra guilty of distributing five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a); and Moreno-Sanabria guilty of possessing fifty grams or more of methamphetamine with the intent to distribute it in violation of 21 U.S.C. § 841(a). Both men appeal their convictions, and Rodriguez-Becerra appeals his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

## Admission of the Unindicted Co-conspirator's Plea Agreement

At trial, in contravention of Fed. R. Evid. 801(d)(2)(E) and the Confrontation Clause, the government introduced into evidence the plea agreement of an unindicted co-conspirator. Because Defendants failed to make the correct

---

[**] The Honorable Stephen M. McNamee, Senior District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

objection to admission of the plea agreement, we review for plain error. *United States v. Gomez-Norena*, 908 F.2d 497, 500 (9th Cir. 1990); *see also United States v. Blandin*, 435 F.3d 1191, 1195 (9th Cir. 2006) (Confrontation Clause violations are subject to plain error review). Defendants cannot meet their respective burdens on plain error review of establishing a reasonable probability that the outcome of the trial would have been different had the plea agreement not been admitted. *United States v. Sanders*, 421 F.3d 1044, 1051 (9th Cir. 2005).

To prove the conspiracy charge under 21 U.S.C. § 846, the government had to prove Defendants (1) were part of an agreement to accomplish an objective made criminal by 21 U.S.C. § 841(a) and (2) intended to commit the underlying offense. *United States v. Suarez*, 682 F.3d 1214, 1219 (9th Cir. 2012). The government presented significant evidence supporting this charge. The SWAT team found eighty grams of methamphetamine in a safe along with other indicia of drug sales in the apartment Defendants shared; both Defendants were involved in distinct methamphetamine sales connected to the apartment; and both Defendants indicated to others they did not work alone. Indeed, upon being arrested, Moreno-Sanabria told the authorities he was selling the methamphetamine in the safe as part of an agreement with another person.

3

Ample evidence also supported Rodriguez-Becerra's distribution conviction under 21 U.S.C. § 841(a). The jury heard audio recordings from one week prior to the charged transaction of Rodriguez-Becerra discussing methamphetamine sales. The jury then saw and heard the actual transaction by video and audio recording, in addition to testimony from an informant who participated in the transaction.

The evidence also strongly supported Moreno-Sanabria's conviction for knowingly possessing with the intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a). On the day he was arrested, Moreno-Sanabria was found sleeping in the room of the apartment with the safe of methamphetamine and other indicia of drug sales, and he later told DEA agents that his fingerprints would be all over the inside of the safe because he was selling the methamphetamine therein.

Accordingly, because Defendants' convictions are supported by such convincing evidence, they cannot demonstrate that admission of the unindicted co-conspirator's plea agreement constituted a plain error.

### Use Immunity for the Unindicted Co-Conspirator

We reject Moreno-Sanabria's argument that the district court erred by failing to compel the government to grant the unindicted co-conspirator use immunity, because the government neither intentionally caused the unindicted co-conspirator

to plead the Fifth Amendment at trial nor granted use immunity to its own witnesses only to deny use immunity to the unindicted co-conspirator. *See United States v. Straub*, 538 F.3d 1147, 1162 (9th Cir. 2008).

### Disclosure of the Confidential Informant's Identity

The district court did not abuse its discretion in denying Defendants' request for disclosure of the identity of CS-1, a confidential informant, because Defendants failed to demonstrate this information would have been "'relevant and helpful to [their] defense . . . or [was] essential to a fair determination of [their] cause.'" *United States v. Kim*, 577 F.2d 473, 478 (9th Cir. 1978) (quoting *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957)).

CS-1's only evidentiary role in the case was (1) providing the initial tip that precipitated the investigation; (2) making a controlled buy from Rodriguez-Becerra; and (3) obtaining Moreno-Sanabria's phone number. Introduction of CS-1's initial tip into evidence did not violate the Confrontation Clause. *See United States v. Wahchumwah*, 704 F.3d 606, 614 (9th Cir. 2012) (Confrontation Clause does not bar the introduction of tips offered to explain why an investigation began). Moreover, testimony concerning the March 2, 2011, controlled buy and the acquisition of Moreno-Sanabria's phone number on March 28, 2011, did not reference any statement by CS-1. Thus, the district court did not abuse its

5

discretion in finding Defendants failed to clearly articulate any legitimate reason to disclose CS-1's identity; CS-1's "testimony" had not, as Defendants contended, been introduced at trial.

**Rodriguez-Becerra's Sentence**

The district court did not abuse its discretion in sentencing Rodriguez-Becerra to 132 months imprisonment, because that sentence is not "'illogical, implausible, or without support in inferences that may be drawn from the facts in the record.'" *United States v. Treadwell*, 593 F.3d 990, 999 (9th Cir. 2010) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)). The district court considered the appropriate § 3553(a) factors, and logically and plausibly concluded Rodriguez-Becerra was a "major player" in the methamphetamine conspiracy operating out of the apartment: Rodriguez-Becerra paid the apartment's rent and utility bills, made at least two drug sales out of the apartment, and played a key role in obtaining the methamphetamine for later sale.

**AFFIRMED.**